Argued and submitted July 3, affirmed November 20, 1985

BYLAND,
*Appellant,*

*v.*

NOWACK,
*Respondent.*

(L82-1959; CA A33161)

709 P2d 252

Kathryn Tassinari, Eugene, argued the cause for appellant. On the brief were Stephanie Collison, and Bischoff & Strooband, P.C., Eugene.

Eldon F. Caley, Roseburg, argued the cause for respondent. With him on the brief was Jane McMillin, Roseburg.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action for fraud and, as labeled by plaintiff, "negligent misrepresentation" arising out of the defendant attorney's representation of her in connection with a purportedly usurious transaction in which she was the lender.[1] The trial court granted defendant's motion for directed verdict on the fraud count and dismissed the negligent misrepresentation count for failure to state a claim.[2] Plaintiff's appeal from the trial court's judgment for defendant is untenable and, if its merits alone are considered, it warrants an affirmance without opinion. However, because the parties have raised and discussed many issues at length, we consider it necessary to write this opinion to apprise the parties of the specific basis for our decision.

The dispositive factor is that plaintiff proceeded on her two theories of deceit, instead of alleging and proving her tenable claim for professional negligence. She argues now that her "negligent misrepresentation" count sufficiently alleged and put defendant on notice that she was contending that defendant was negligent as well as deceitful. The difficulty with that argument, among others, is that the *only* allegations under the "negligent misrepresentation" count are reallegations of various paragraphs from the fraud count. There is no allegation in the complaint that defendant was negligent in his *professional performance* as plaintiff's lawyer.

Plaintiff argues that we should adopt a rule that a client may sue a lawyer for fraud, instead of or in addition to malpractice, on the basis of the lawyer's advice. It seems to us to be a truism that, in the lawyer-client context like any other, an action for fraud will lie if the elements of fraud are present. However, all that plaintiff's evidence could have enabled the jury to find here is that, as it affected plaintiff, defendant's advice was incorrect and he was negligent. The elements of fraud were not established. In sum, there was only one theory

---

[1] In a separate action, the borrower prevailed on the theory that plaintiff was guilty of usury and that plaintiff was therefore not entitled to recover interest.

The term "misrepresentation" in plaintiff's second count refers to falsehood rather than to the quality of defendant's professional performance.

[2] Plaintiff assigns error to other rulings of the trial court, as well as the two rulings we have mentioned. The other rulings either become immaterial in view of our disposition of the two in question or are patently free of error.

on which plaintiff *could* have recovered here, and she pursued other theories instead.

Affirmed.